```
1  MARGARET J. MCNAIR (SBN 125858)
2  PRIYA BAHL-SEN (SBN 224032)
   Hope4Families, a Special Education Law Firm
3  4859 Slauson Avenue, No. 515
   Los Angeles, CA 90056
4  Telephone: (323) 275-1161 ext. 825
5  Facsimile:  (323) 257-8084
6
7  Attorneys for PLAINTIFFS,
   G.B., a minor, and Gina Boulanger
8
```

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| G.B., a minor, by his Mother GINA BOULANGER, <br><br> Plaintiffs, <br><br> vs. <br><br> BELLFLOWER UNIFIED SCHOOL DISTRICT, <br><br> Defendant. | Case No. <br><br> COMPLAINT FOR ATTORNEYS' FEES AND COSTS |

G.B., a minor, and Mother Gina Boulanger (collectively "Plaintiffs" or "Student") hereby bring the following complaint against Bellflower Unified School District ("Defendant" or "District"), and hereby allege as follows:

///

///

///

COMPLAINT FOR ATTORNEYS' FEES AND COSTS

1

## PRELIMINARY STATEMENT

1. This action is brought pursuant to Section 1415(i)(3)(B) of Title 20 of the United States Code, also referred to as the Individuals With Disabilities Education Act (hereinafter "IDEA") and the corresponding state statute, California Education Code Section 56507. (20 U.S.C. §1415(i)(3)(B); Cal. Educ. Code §56507).

2. Plaintiffs are the prevailing parties in an administrative action held before the California Office of Administrative Hearings on May 19, 20, 21, and 27, 2020 before Administrative Law Judge, Brian H. Krikorian ("ALJ"). A Decision was issued by the ALJ on July 2, 2020 ("Decision"). (See Decision attached hereto as Exhibit "A").

3. Plaintiffs, as the prevailing parties, seek an order for reasonable attorneys' fees and costs pursuant to section 1415(i)(3)(B) and California Education Code Section 56507.

## JURISDICTION

4. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §1331 and 20 U.S.C. §1415(i)(3)(A). (See 28 U.S.C. §1331; 20 U.S.C. §1415(i)(3)(A).)

## VENUE

5. Venue is proper in the Central District of California under 28 U.S.C. §1391(b) as District is located within the Central District of California. All of the events, acts, and omissions giving rise to this complaint arose within the Central District of California.

///

///

COMPLAINT FOR ATTORNEYS' FEES AND COSTS

2

## PARTIES

6. Plaintiffs G.B., a minor, and Mother Gina Boulanger reside within Los Angeles County. Plaintiffs are named individually herein pursuant to the Supreme Court's decision in *Winkelman v. Parma City School District*, 127 S. Ct. 1994 (2007), in which the Court held that the IDEA does not differentiate…between the rights accorded to children and the rights accorded to a parent [and] as a consequence, a party may be a "party aggrieved" for purposes of §1415 regarding "any matter" implicating these rights. (*Id.*, at pp. 1996-1997).

7. Defendant Bellflower Unified School District is a public school district, organized and existing under the laws of the State of California and located within Los Angeles County.

## STATUTORY SCHEME UNDER THE IDEA

8. The IDEA requires state and local educational agencies that are receiving assistance to establish and maintain procedures "to ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of a free appropriate public education by such agencies." (20 U.S.C. § 1415(a); *Hawkins v. Berkley Unified School District*, No. C-07-4206 EMC, 2008 U.S. Dist. LEXIS 94673 (N.D. Cal. Nov. 20, 2008).)

9. Educational programs for children with disabilities are designed and implemented through Individualized Education Programs (hereinafter "IEPs") which address the child's present levels of educational performances, annual goals and short-term objectives, and the specific educational program and services to be provided to the child. (20 U.S.C. §1414(d).)

10. Pursuant to Section 1415(b)(6) of Title 20 of the United States Code, whenever a parent disagrees with a proposed IEP, the parent may file a complaint with respect to any matter relating to the identification, evaluation, or educational

COMPLAINT FOR ATTORNEYS' FEES AND COSTS

3

placement of the child, or the provision of a free, appropriate public education to the child. (20 U.S.C. §1415(b)(6).)

11. Pursuant to Section 1415(f)(1) of Title 20 of the United States Code, whenever such a complaint has been received, the parent shall have an opportunity for an impartial due process hearing which shall be conducted by the State education agency. (20 U.S.C. §1415(f)(1).)

12. As required by the IDEA, the State of California has established an impartial due process hearing procedure through an interagency contract with the Office of Administrative Hearings.

13. The Administrative Law Judge must render a decision on procedural and substantive grounds of whether the child received or was denied a free, appropriate public education. (20 U.S.C. §1415(i)(3)(E).) The Administrative Law Judge must further identify the extent to which each party prevailed on each issue heard and decided. (Cal. Educ. Code §56507(d).) A decision or other dispositive order shall be final. (20 U.S.C. §1415(i)(1)(A).)

14. The IDEA further contains a specific fee-shifting provision. It states in relevant part that, "[i]n any action or proceeding brought under this section [i.e., 20 U.S.C. § 1415], the court, in its discretion, may award reasonable attorneys' fees as part of the costs…to a prevailing party who is the parent of a child with a disability." (20 U.S.C. § 1415(i)(3)(B)(i)(I).)

15. A prevailing parent may obtain fees for litigation in both, the underlying administrative proceedings and federal litigation, including attorney fee applications. (*A.R. v. N.Y. City Dep't of Educ.*, 407 F.3d 65, 75 (2d Cir. 2005), cited by, *Hawkins v. Berkeley*, Id. at p. 10; See *Barlow Gresham Union High School District v. Mitchell*, 940 F2d 1280 (9th circuit 1990).)

///

///

///

COMPLAINT FOR ATTORNEYS' FEES AND COSTS

## STATEMENT OF FACTS

16. Plaintiff G.B., is a 17-year-old student, and is currently enrolled as a 12th Grader at Mayfair High School, which is under the jurisdiction of Bellflower Unified School District. G.B. is diagnosed with Autism Spectrum Disorder, Mixed Receptive-Expressive Disorder, and Developmental Coordination Disorder.

17. G.B. has attended schools within the jurisdiction of Bellflower Unified School District throughout the entirety of his academic career. G.B. attended Stephen Foster Elementary School from Kindergarten through the 6th Grade and transitioned to Mayfair High School in the 7th Grade.

18. G.B. has qualified for special education services from his initial qualification, in 2007, to current. He currently qualifies for special education and related services under the eligibility of Autism (Primary Disability) and Speech and Language Impairment (Secondary Disability). G.B. has received placement in a Mild-Moderate Special Day Class setting from elementary school to current.

19. G.B. struggles academically in the areas of reading fluency, reading comprehension, and writing. Assessments conducted by the District on G.B., as a 10th Grader in February 2019, placed G.B. at a deficient 4th Grade level in reading fluency and at a 5th Grade level in reading comprehension.

20. G.B.'s mother was unsuccessful in her efforts to have the District provide effective support for G.B. to access his education and make progress. Seeking support for her son's educational needs, G.B.'s mother retained the legal services of Hope4Families, a non-profit public interest law firm that provides legal services to families of special needs children under the IDEA.

21. Plaintiffs filed a Due Process Complaint on February 3, 2020, alleging a denial of a free appropriate public education under the IDEA.

22. The California Office of Administrative Hearings held a special education due process hearing on May 19, 20, 21, and 27, 2020.

COMPLAINT FOR ATTORNEYS' FEES AND COSTS

23. A Decision was issued by the Administrative Law Judge, Brian H. Krikorian, on July 2, 2020. The Decision provided that Student prevailed on Issue 1 and the District prevailed on Issues 2 and 3. (See Exhibit A, p. 28).

24. Plaintiffs prevailed in the due process hearing on the significant issue of whether G.B. was substantively denied a free, appropriate public education during the statutory period. The conclusions of the ALJ, in his Decision, were the following:

> Bellflower Unified did not offer Student a program of specialized instruction and related services which were reasonably calculated to enable Student to make progress in the areas of reading, writing, and comprehension, appropriate in light of his circumstances.
>
> (See Exhibit A, pp. 17-18).
>
> …
>
> Student demonstrated he was significantly behind in reading comprehension, reading fluency, and writing and earned failing, low grades because Bellflower Unified did not provide him with adequate related services in those areas from February 3, 2018 to February 3, 2020. Student also proved that Bellflower Unified should have offered extended school year services to Student in the ninth and tenth grades. Based on Bellflower Unified's school calendars, it denied Student a FAPE [free appropriate public education] for a total of 85 weeks…
>
> (See Exhibit A, p. 30).

25. Defendant was ordered to provide substantial compensatory education as a remedy for the substantive denial of a free, appropriate public education to G.B. The ALJ ordered that Defendant District fund 255 hours of individual, one on-one tutoring sessions in the Orton Gillingham or a similar structured multi-sensory approach reading program. (See Exhibit A, p. 32).

26. Plaintiffs, as a prevailing party, seek an order for reasonable attorneys' fees and costs pursuant to section 1415(i)(3)(B) and California Education Code Section 56507. Defendant has not reimbursed Plaintiffs for

COMPLAINT FOR ATTORNEYS' FEES AND COSTS

attorneys' fees incurred for their successful litigation in the underlying administrative proceeding.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for the following relief:

1. For an Order granting Plaintiffs reasonable attorneys' fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B) and Section 56507 of the California Education Code; and

2. For such other and further relief as this Court may deem just and proper.

Dated: March 4, 2021

By:   /s/ Priya Bahl-Sen
PRIYA BAHL-SEN
Attorneys for PLAINTIFFS,
G.B., a minor, and Gina Boulanger

COMPLAINT FOR ATTORNEYS' FEES AND COSTS

7